Pennington, J.
The first reason assigned for reversing tho judgment of the justice, is the insufficiency of the state of demand. The second reason assigned is connected with the first, which is, that the plaintiff below misconceived his *286 action by bringing debt instead of covenant; the principal sums charged in the state of demand are for repairs done to a tan-yard and ground rent paid to Thomas R. Lacy. The state of demand ought to have set out how the defendant below, (Stretch) was answerable for the repairs, and for the payment of the ground rent; this state of demand, standing by itself, is too loose and uncertain; nor is this state of demand helped by an indenture of lease from Stretch to the plaintiff below, Forsyth, sent up with the proceedings, wherein Stretch covenants to put certain tan-yards in repair, and to pay the ground rent of certain premises; for if the action is founded on a breach of this covenant, it ought to have been an action of covenant; or if these repairs were done, and the money paid for the ground rent, by a different agreement [*] made between Stretch and Forsyth, this ought to have been stated.
The third error assigned is, that the justice adjourned the trial after it was actually commenced by going into evidence on the merits. This objection is supported by the record; and I think, in itself error. For these reasons, I am clearly of opinion, that the judgment ought to be reversed.
Kirkpatrick, C. J., and Rossell, J. — Being of the same opinion, the judgment was
Reversed.
Cited in Folwell v. Ford, 7 Halst. 68; Erving v. Ingram, 4 Zab. 520.